WENTWORTH, Judge.
Employer/carrier appeals a workers’ compensation order, asserting as error, among *210 other points, the deputy commissioner’s refusal to admit into evidence the claim evaluation prepared by the Division of Workers’ Compensation. We find no reversible error and affirm the order appealed.
Section 440.19(1), Florida Statutes (1980), establishes the division’s claim evaluation procedure, and mandates that:
At any hearing before the deputy commissioner, the decision of the division shall not be res judicata, but shall be included in the case file in the division and shall be deemed a part of the proceeding.
At the hearing in the present case the attorney for employer/carrier sought to introduce the claim evaluation into evidence. The deputy considered the document and determined that it was not sufficiently reliable to be an evidentiary exhibit:
THE DEPUTY COMMISSIONER: We have established that the claim evaluation is based on hearsay....
MR. DRUCKMAN: Move to strike the testimony of that witness on the ground of hearsay.
THE DEPUTY COMMISSIONER: Granted.
MR. BUDZINSKI: May I at this point inquire of the Commissioner exactly what part the evaluation and the statutory directive that this evaluation by this workers’ compensation specialist has in the course of the proceedings on the case? THE DEPUTY COMMISSIONER: Mr. Budzinski, would you believe it ... I don’t know. But I’ll tell you what I’m going to do.
I’m not going to — are you going to offer this into evidence?
MR. BUDZINSKI: I am.
THE DEPUTY COMMISSIONER: I’m going to deny it, ...
Do you want to proffer it?
MR. BUDZINSKI: Yes, sir.
THE DEPUTY COMMISSIONER: I'll accept your proffer. I don’t have any alternative but to do that, and I’ll do that gladly .... and it's going to be the ruling of this Commissioner, Deputy Commissioner, that depending upon the quality of the claim evaluation I’m going to make a determination on the ad hoc case as to its admissibility.... But it’s been my experience on the two claims that I have seen that the claims specialist has participated in that they contain out-and-out rank hearsay, backyard gossip, rumor, and unsupported allegations.
I’ll give you an example of it in this case in particular. “Dr. Kuhl denied this fraudulent request.” That is a conclusion which Mr. Milner [claims specialist] could reach or couldn’t reach or what have you, and I don’t — I just don't think that’s appropriate.
He next raises what he denominates was questionable. “Why would a man with a back injury attempt to play tennis while he’s still under treatment by a doctor for a back injury?” All of these things are done by telephone without the right of explanation, cross examination, and what have you ....
Now, in specific, to answer your question. The statute says that the claims evaluations shall be made a part of the proceedings ....
I’ll instruct the court reporter to make it a part of the proceeding, but I’m not going to accept it into evidence, especially with the claim specialist saying it was all based on hearsay ....
So I’m going to mark the claim evaluation dated January 24, 1980 as a proffer. I’m going to specifically instruct the court reporter at this time to make sure that in the event this case is appealed to the First District Court of Appeal, that the court reporter have the claim evaluation be made a part of the record. I’m going to mark it as a Proffer 1 on behalf of the employer/carrier, but notwithstanding the fact it is being marked as a proffer, I want it included in the appellate record of transcript in the event of an appeal by either party.
We conclude the deputy properly refused to admit the claim evaluation into evidence after considering its merits above noted, and directing the court reporter to include *211 the document in the record as “a part of the proceeding.”
Section 440.19(1) does not provide that the claim evaluation shall be admitted into evidence, but states that it “shall be deemed a part of the proceeding.” While the document may be admitted into evidence in appropriate circumstances, the mandate of § 440.19(1) is satisfied upon inclusion in the record in the same manner as the claim and notice to controvert pursuant to Rule 18(a)(1), WCRP; the deputy may then give the claim evaluation the consideration it is entitled to in the circumstances of each case.
The order appealed is affirmed.
MILLS, C. J., and ROBERT P. SMITH, Jr., J., concur.